IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV102-1-MU

| | |
|---|---|
| MONTAVIUS A. JOHNSON-EL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROY COOPER, et. al., )<br>)<br>Respondents. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment (Doc. No. 6), filed April 2, 2009; Petitioner's Motion for Discovery (Doc. No. 9), filed April 16, 2009 ; and Petitioner's Motion for Appointment of Counsel (Doc. No. 14), filed June 18, 2009.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's Motion for Summary Judgment should be granted; Petitioner's Motion for Discovery is denied; Petitioner's Motion for Appointment of Counsel is denied, and Petitioner's § 2254 Petition for Writ of Habeas Corpus should be dismissed.

## PROCEDURAL BACKGROUND

Petitioner is a prisoner of the State of North Carolina currently serving a Structured Sentencing Act Class A life sentence without parole for a first degree murder committed on July 2, 1999. Petitioner's present federal habeas petition, however, concerns a May 2008 prison disciplinary proceeding.

On June 5, 2008, following a disciplinary hearing, a North Carolina Department of Correction (DOC) disciplinary hearing officer (DHO) found Petitioner guilty of participating in a Security Threat Group (an A-14 offense) and guilty of using verbal and or physical intimidation to extort or strong-arm another inmate for personal or financial gain (an A-21 offense). As a result of his conviction, for each offense Petitioner received thirty days of segregation time, thirty-days loss of good-time credits, forty hours of extra duty, and a 180-day suspension of privileges. Petitioner appealed the above-noted disciplinary action, and on June 16, 2008, the Chief DHO reviewed and denied Petitioner's appeal.

On March 11, 2009, Petitioner filed the instant federal habeas petition with this Court alleging that : 1) his due process rights were violated for various reasons; 2) his due process rights were violated because his charges were unconstitutionally vague and broad and failed to give him adequate notice; 3) his due process rights were violated because there was no video made of his disciplinary proceeding; and 4) his due process rights were violated because the disciplinary appeal process is not impartial. Petitioner requests that his disciplinary convictions be dismissed and his good time credits restored.

## **ANALYSIS**

A writ of habeas corpus is available to those inmates challenging the fact or duration of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Muhammad v. Close, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").

Here, Petitioner is challenging a disciplinary hearing that resulted in his receiving sixty days of segregation time, a sixty-day loss of good-time credits, eighty hours of extra duty, and a

360-day suspension of privileges. It is well-established that the segregation time, the extra-duty hours and the loss of privileges do not implicate a liberty interest and are therefore not actionable in a federal habeas proceeding. See Sandin v. Conner, 515 U.S. 472 (1995); see also Beverati v. Smith (segregated confinement typically does not constitute an atypical or significant hardship); Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding).

The loss of good-time credits, however, can be actionable in a federal habeas proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The good-time loss suffered by this particular Petitioner, however, is not actionable. Petitioner received a life sentence in 2002 under the North Carolina Structured Sentencing Act (SSA). See State v. Johnson, 161 N.C. App. 504, 506 (2003); N.C.G.S. §§ 15A-1340.10 (2007). Petitioner's sentence does not provide any opportunity for parole. N.C.G.S. § 14-17 (first-degree murder is a felony punishable by death or life without parole); N.C.G.S. § 15A-2002(b)("life imprisonment means a sentence of life without parole.")

Because Petitioner is serving a life sentence without the possibility of parole, he is not eligible to receive sentence reduction credit for any good time he may accrue. Therefore, the loss of good-time credits that resulted from the disciplinary proceeding at issue did not affect the duration of his confinement. As such, he may not challenge the disciplinary proceeding in a federal habeas corpus petition.[1] See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)("where

---

[1] The Court notes that even if the loss of good-time credits did effect the duration of Petitioner's sentence and his action could lie in federal habeas, his claim would still fail. While it is well-established that inmates have rights under the Constitution's Due Process Clause when prison actions deprive them of their liberty interests, these rights are "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." See Wolff v.

3

success in the action would not necessarily spell immediate or speedier release" from imprisonment, an inmate may not pursue his claims in a habeas corpus proceeding).

Given the dismissal of Petitioner's federal habeas petition on the basis that it is not an actionable habeas claim, Petitioner's discovery request is moot. Petitioner's Motion for Appointment of Counsel is also denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

2. Petitioner's Motion for Discovery (Doc. No. 9) is **DENIED;**

3. Petitioner's Motion for Appointment of Counsel (Doc. No. 14) is **DENIED**; and

4. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**.

Signed: June 29, 2009

Graham C. Mullen
United States District Judge

---

McDonnell, 418 U.S. 539, 556 (1973). This Court has carefully reviewed Respondent's Motion for Summary Judgment and for the reasons set forth therein finds that Petitioner's claims fail on the merits as well.